UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| **EMILY MIRANDA** | : | **Civil Action No.** |
| | : | **3:20-CV-00123** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **WESTOVER SCHOOL, INC.** | : | |
| | : | |
| **Defendant** | : | |
| | : | **JULY 16, 2020** |
| | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

## ANSWER

### I.  Jurisdiction and Venue

1.  The allegations in Paragraph 1 state a legal conclusion to which no response is required.

2.  With regard to the allegations contained in paragraph 2, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

3.  Paragraph 3 is admitted.

4.  To the extent that the allegations in paragraph 4 state a legal conclusion, no response is required. To the extent that the allegations in paragraph 4 purports to state a fact, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

5.  To the extent that the allegations in paragraph 5 state a legal conclusion, no response is required. To the extent that the allegations in paragraph 5 purports to state a fact, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

6.  To the extent that the allegations in paragraph 6 state a legal conclusion, no response is required. To the extent that the allegations in paragraph 6 purports to state a fact, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

## II.     Parties

7.      With regard to the allegations contained in paragraph 7, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

8.      Paragraph 8 is admitted.

9.      With regard to the allegations contained in paragraph 9, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

## III.     First Claim for Relief (Negligence)

10.     Paragraph 10 is admitted.

11.     Paragraph 11 is denied.

12.     With regard to the allegations contained in paragraph 12, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

13.     With regard to the allegations contained in paragraph 13, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

14.     The allegations in Paragraph 14 state a legal conclusion to which no response is required.

15.     The allegations in Paragraph 15 state a legal conclusion to which no response is required.

16.     Paragraph 16 is denied.

17.     Paragraph 17 is denied.

18.     With regard to the allegations contained in paragraph 18, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

19.     Paragraph 19 is denied.

20.     Any allegation or implication of negligence as may be alleged in paragraph 20 is denied. As to the remaining allegations contained within paragraph 20, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

21.     With regard to the allegations contained in paragraph 21, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

22.     With regard to the allegations contained in paragraph 22, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

23.     Paragraph 23 is admitted insofar as it alleges that Allen Fitzsimmons became, at different times, the plaintiff's faculty advisor, coach, and Advanced Placement teacher. As to the remaining allegations contained within paragraph 23, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

24.     With regard to the allegations contained in paragraph 24, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

25.     With regard to the allegations contained in paragraph 25, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

26.     With regard to the allegations contained in paragraph 26, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

27.     With regard to the allegations contained in paragraph 27, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

28.     With regard to the allegations contained in paragraph 28, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

29.     With regard to the allegations contained in paragraph 29, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

30.     With regard to the allegations contained in paragraph 30, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

31.     With regard to the allegations contained in paragraph 31, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

32.     With regard to the allegations contained in paragraph 32, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

33.     Paragraph 33 is admitted insofar as it alleges that Allen Fitzsimmons was an adult man, a teacher, and a faculty advisor. As to the remaining allegations contained within paragraph 33, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

34.     With regard to the allegations contained in paragraph 34, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

35.     With regard to the allegations contained in paragraph 35, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

36.     The defendant admits that Allen Fitzsimmons pled Nolo Contendere to first-degree reckless endangerment in 2012.

37.     Paragraph 37 is admitted.

38.     Paragraph 38 is admitted.

39.     With regard to the allegations contained in paragraph 39, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

40.     Any allegation or implication of negligence as may be alleged in paragraph 40 is denied. As to the remaining allegations contained within paragraph 40, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

41.     Any allegation or implication of negligence as may be alleged in paragraph 41 is denied. As to the remaining allegations contained within paragraph 41, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

42.     Any allegation or implication of negligence as may be alleged in paragraph 42 is denied. As to the remaining allegations contained within paragraph 42, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

43.     With regard to the allegations contained in paragraph 43, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

44.     With regard to the allegations contained in paragraph 44, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

45.     Paragraph 45 is denied.

46.     Paragraph 46 is denied.

**IV.     Second Claim for Relief (Negligent Infliction of Emotional Distress)**

1.      The responses to paragraphs 1 through 46 of the First Claim for Relief are hereby incorporated as the responses to paragraphs 1 through 46 of this Second Claim for Relief.

2.      Paragraph 2 is denied.

3.      With regard to the allegations contained in paragraph 3, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

4.      With regard to the allegations contained in paragraph 4, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

5.      Paragraph 5 is denied.

**V.      Third Claim for Relief (Recklessness)**

1.      The responses to paragraphs 1 through 46 of the First Claim for Relief are hereby incorporated as the responses to paragraphs 1 through 46 of this Third Claim for Relief.

2.      Paragraph 2 is denied.

3.      Paragraph 3 is denied.

4.      Paragraph 4 is denied.

**VI.     Fourth Claim for Relief (Intentional Infliction of Emotional Distress)**

1.      The responses to paragraphs 1 through 46 of the First Claim for Relief are hereby incorporated as the responses to paragraphs 1 through 46 of this Fourth Claim for Relief.

2.      Paragraph 2 is denied.

3.      Paragraph 3 is denied.

4.      Paragraph 4 is denied.

**5.**      With regard to the allegations contained in paragraph 5, the defendant possesses insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to her proof.

**<u>AFFIRMATIVE DEFENSES</u>**

Westover School, Inc. asserts the following affirmative defenses without prejudice to its position that it does not have the burden of proof to establish these defenses to the extent that the burden on the issue rests with the plaintiff as a matter of law. Westover School, Inc. reserves the right to amend its answer to add affirmative defenses in addition to those listed below, consistent with any additional facts discovered in the case.

**First Affirmative Defense**

The complaint fails to state a claim upon which relief may be granted against Westover School, Inc. under the applicable law.

**Second Affirmative Defense**

The plaintiff's claimed injuries and damages, to the extent that they are proved to exist, were caused and/or exacerbated by a failure to mitigate.

THE DEFENDANT,
WESTOVER SCHOOL, INC.

BY MILANO & WANAT LLC

By:      */s/ CT 29903*
Gary C. Kaisen
John G. Dolan
Milano & Wanat LLC
471 East Main Street
Branford, Connecticut 06405
(203) 315-7000 – phone
(203) 315-7007 – fax

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| | : |
| **EMILY MIRANDA** | :   **Civil Action No.** |
| | :   **3:20-CV-00123** |
| **Plaintiff** | : |
| | : |
| **v.** | : |
| | : |
| **WESTOVER SCHOOL, INC.** | : |
| | : |
| **Defendant** | : |
| | :   **JULY 16, 2020** |
| | : |

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, the defendant demands a trial by jury on all issues.

THE DEFENDANT,
WESTOVER SCHOOL, INC.

BY MILANO & WANAT LLC

By:     */s/ CT 29903*
        Gary C. Kaisen
        John G. Dolan
        Milano & Wanat LLC
        471 East Main Street
        Branford, Connecticut 06405
        (203) 315-7000 – phone
        (203) 315-7007 – fax

**<u>Certification</u>**

I hereby certify that on July 16, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system. A copy of the foregoing document was sent by Regular U.S. Mail to all counsel not able to receive documents electronically.

*s/ CT 29903*
John G. Dolan
